IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Tresea Granger, | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 225 |
| Cavalry Portfolio Services, LLC, a Delaware, and Glass Mountain Capital, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
|     Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Tresea Granger, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Tresea Granger ("Granger"), is a citizen of the State of South Carolina, from whom Defendants attempted to collect a delinquent consumer debt owed for a Bank of America account, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Cavalry Portfolio Services, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant Cavalry is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Cavalry conducts business in Illinois.

6. Moreover, Defendant Cavalry is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Cavalry acts as a debt collector in Illinois.

7. Defendant, Glass Mountain Capital, LLC ("Glass Mountain"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Glass Mountain was acting as a debt collector as to the delinquent consumer debts it attempted to collect from Plaintiff.

8. Defendant Glass Mountain is headquartered in Schaumburg, Illinois, and conducts business here.

9. Moreover, Defendant Glass Mountain is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit C. In fact, Glass Mountain acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. Granger is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Bank of America. At some point in time after that debt became delinquent, it was bought by Defendant Cavalry or one of its sister companies. When Cavalry began trying to collect this debt from Ms. Granger, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11. Accordingly, via letter dated July 20, 2010 and sent via facsimile on July 21, 2010, one of Ms. Granger's attorneys at LASPD informed Defendant Cavalry, that Ms. Granger was represented by counsel, and directed Cavalry to cease contacting her, and to cease all further collection activities because Ms. Granger was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter is attached as Exhibit D.

12. Undeterred, Defendant Cavalry then had Defendant Glass Mountain send Ms. Granger a collection letter, dated November 5, 2010, which demanded payment of the Bank of America/Cavalry debt. A copy of this collection letter is attached as Exhibit E.

13. Accordingly, on November 8, 2010, Ms. Granger's LASPD attorney sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

14. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And To Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Ms. Granger's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D). By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Granger was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Cavalry, in writing, that Ms. Granger was represented by counsel, and had directed a cessation of communications with Ms. Granger. By directly sending Ms. Granger a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Tresea Granger, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Granger, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tresea Granger, demands trial by jury.

Tresea Granger,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 12, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com